1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10   PIERRE CLIFTON MARSHALL,          )   CASE NO. CV 14-3649-BRO (PJW)
                                       )
11                 Petitioner,         )
                                       )
12          v.                         )   ORDER DISMISSING HABEAS CORPUS
                                       )   PETITION
13   LOUIS MILUSNIC, WARDEN,           )
                                       )
14                 Respondent.         )
     ──────────────────────────────   )

15

16        On May 13, 2014, Petitioner, who is currently incarcerated in the

17   Federal Correctional Complex in Adelanto, California, filed the

18   instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.

19   § 2241, alleging that, in August 2006, he was denied his right to

20   procedural due process after a private contractor, rather than a

21   federal Bureau of Prisons ("BOP") employee, conducted a disciplinary

22   hearing, found him guilty of a rules violation, and sanctioned him to

23   a loss of 80 days good-time credits.  (Petition at 3; Memorandum of

24   Points and Authorities at 2-3.)  Petitioner argued that the private

25   contractor was not authorized to discipline him.  He requested that,

26   as a result, his good-time credits be restored and the disciplinary

27   report be expunged from his prison record.  (Memorandum of Points and

28   Authorities at 10.)

1       In response to the Petition, on June 25, 2014, the BOP vacated
2   the disciplinary findings and conducted a new hearing before a BOP
3   employee acting as the Hearings Officer.  That Hearings Officer found
4   Petitioner guilty and imposed the same sanctions that had been
5   originally imposed.  (Motion to Dismiss at 1-2; Decl. of R.A. Byrd at
6   ¶¶ 4-7; Exh. B.)  Thereafter, on June 27, 2014, Respondent filed a
7   motion to dismiss the instant Petition on the ground that Petitioner's
8   claim for relief was now moot.

9       Petitioner opposed the motion, arguing that the Petition was not
10  moot because his good-time credits had not been restored and the 2006
11  Hearing Officer's findings and conclusions had not been expunged.  He
12  also argued that the BOP should not have held a new hearing because it
13  no longer had jurisdiction to conduct a hearing once he had filed the
14  Petition.  (Opposition at 4-11.)  For the following reasons, the Court
15  rejects these arguments.

16      The basis of the Petition was that the prison officer who
17  presided over his 2006 disciplinary hearing was not a BOP employee.
18  (Petition at 3.)  That error, assuming that it was error, was mooted
19  by the BOP's decision to vacate the 2006 findings by the non-BOP
20  employee and to hold a new hearing with a BOP employee.  Because
21  Petitioner's claimed due process violation has been cured with the new
22  hearing, his complaint is moot.  *See Harper v. Lee*, 938 F.2d 104, 105
23  (8th Cir. 1991) (holding due process violations cured where prisoner
24  granted new hearing); *Batanic v. INS*, 12 F.3d 662, 667 (7th Cir. 1993)
25  ("Generally speaking, procedural errors are cured by holding a new
26  hearing in compliance with due process requirements.").

27      As to Petitioner's claim that the BOP did not have jurisdiction
28  to hold a new hearing once he filed this Petition, the Court

2

disagrees.  There is no authority supporting that argument.  And, even if there was, it is an issue that Petitioner must raise in a separate challenge to the second hearing once he has exhausted his administrative remedies as to that hearing.  *See*, *e.g.*, *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.").  The same holds true for his claims that he was denied his right to call witnesses, present evidence, or make a statement on his own behalf at the June 2014 hearing.  (Decl. of Petitioner, attached to Opposition, at ¶¶ 12-14.)  Until such time, he may not proceed in this court.  For these reasons the Petition is denied and the action is dismissed.

IT IS SO ORDERED.

DATED:   August 5, 2014.

_____
BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesD30550\Order Dismissing.wpd

3